W. L. STILLWELL AND OSIE STILLWELL, *Appellants,* v. LEILA S. KENT JOINED BY EDWARD W. KENT, HER HUS-BAND AND NEXT FRIEND, *Appellees.*

Division B.

Opinion Filed January 4, 1928.

*Akerman* and *Akerman,* for Appellants;

*S. L. Holland,* for Appellee.

WHITFIELD, J.—The bill of complaint brought by Lelia S. Kent and Edward S. Kent, her husband, against W. L. Stillwell and Osie Stillwell, his wife, alleges in substance that on April 26, 1920, W. L. Stillwell was the owner of lot 2, block 8, Town of Lake Hamilton; that on said day Osie Stillwell was the owner of lot 3, block 8, of said town; that the defendants earnestly endeavored to sell to said complainants the said lot two in block eight of Lake Hamilton, endeavoring to persuade these complainants to move to Florida and build their family home on said lot two, block eight. That as an inducement to persuade said complainants to purchase said lot two the defendants and both of them represented to said complainants that the said lot three, block eight, joining the said lot two, block eight, and lying between said lot two, block eight, and the lot upon which the said Stillwells had their family home, had been dedicated and set aside by the Stillwells, and especially the defendant Osie Stillwell, who was seized of the legal title thereto, as a public park, to be perpetually kept open for the use of the public as such park, as a place for rest and recreation, which lot as a park was to be kept up by said defendants in such a way as never to obstruct the view of the lake lying immediately west of and bordering upon said lot three. That relying upon said representations and assurances of said Osie Stillwell and W. L. Stillwell, the complainant, Leila S. Kent purchased the said lot two, block eight, of and from the said defendants, taking title thereto by a warranty deed, dated April 26, 1920, paying said defendants for said lot the price of three thousand ($3,000.00) dollars, which has been fully paid unto said defendants. And complainants specifically aver that their sole and only intent in purchasing said lot as aforesaid was to erect thereon a family home and that a compelling inducement in the purchase of said lot was the

representation and assurances aforesaid given to them by
the defendants and particularly by the defendant Osie
Stillwell, who caused her will to be shown to said com-
plainants in order that they might see that the same con-
tained a specific dedication of said lot three dedicating
said lot as a public park in accordance with the represen-
tations of said defendants made to these complainants as
aforesaid. That the said defendant, Osie Stillwell, when
requested from time to time to give unto these complain-
ants a written showing of such dedication as she had prom-
ised to do at the time of making said sale on April 26, 1920,
continued to put off these complainants until March, 1921,
at such time these complainants were about to begin the
erection of a substantial home upon said lot. That at said
time these complainants were assured by said Osie Still-
well that she would sign a dedication of said lot three pro-
vided the same were made up in writing for her signature
and she delivered to said complainants her last will and
testament in order to permit them to procure and copy
from same the wording of her will with reference to such
dedication and to cause such wording of said will to be in-
corporated in a written instrument of dedication to be
signed and executed in accordance with law by the two
defendants; that in accordance with said instructions of
said defendant they procured a written instrument of dedi-
cation to be prepared, and drawn in proper legal form for
execution by said defendants and delivered the original
thereof to the said defendants for said execution. That
instead of executing said instrument of dedication so
drawn for them as aforesaid, the said defendants executed
and delivered to your complainants another and different
informal memorandum of dedication, dated March 5, 1921,
and signed by both of said defendants, a copy of said
memorandum being attached to and made a part of the

bill of complaint as Exhibit "B." That relying upon the said representations of the said defendants and particularly the representations of the defendant Osie Stillwell and relying upon said memorandum above mentioned, which said memorandum was furnished to these complainants after said defendants had been specifically appraised that the same was desired for the purpose of securing complainants in the location of their home so that it would closely abut upon said lot three, these complainants erected a substantial dwelling on said lot two, locating the same immediately adjoining lot three and only ten (10) feet distant therefrom. That at the time of the purchase of said lot two by these complainants and also at the time of the furnishing of said memorandum above mentioned the said Osie Stillwell was a free dealer. That notwithstanding all of said representations made by said defendants and particularly by the defendant Osie Stillwell and notwithstanding the delivery to these complainants of said written memorandum and notwithstanding the reliance of these complainants upon said representations and memorandum in locating of their home aforesaid, these complainants have been informed by said defendant Osie Stillwell that she does not now expect to perform her said promise and carry out her said agreement but to the contrary she intends to sell said lot three of block eight as aforesaid and is negotiating at the present time in the effort to make sale of the same to one Joseph E. Conrad. That in the case said Osie Stillwell is permitted to make sale of said lot three, block eight, to said Joseph E. Conrad or to any other person, or in the event she should make any other use of said lot than the use as a public park in conformity with the terms of said memorandum in conformity with the provision of her said will and in pursuance of her divers verbal representations an

irreparable damage will be worked and effected upon your orators in that their said lot two will no longer have the advantages of a corner lot or a lot fronting upon a public park place or of a lot having free and unobstructed view of the lake and in as much as further your orators' home located as aforesaid within ten feet of the boundary of said lot three may be placed so close to some other building or structure as to greatly and irreparably depreciate the financial value thereof and the pleasure of living therein.

That your orators are informed and believe and so state the fact to be that the representations of the said defendants and particularly of the defendant, Osie Stillwell, as aforesaid, and the written memorandum signed by said defendants and delivered to these defendants as aforesaid constitute and operate as a contract between said defendants and these complainants, under the terms of which these complainants have a right to have said Lot Three dedicated and used solely for public purposes as aforesaid. That your complainants are further informed and advised and state the fact to be that as between these complainants and the said defendant, Osie Stillwell, and the legal title of said Lot Three, Block Eight, is vested in the said Osie Stillwell, subject however to a trust in the benefit of these complainants to the effect that said Lot Three can be used only in accordance with said representations and said memorandum. And these complainants do aver that by her acts and conduct the said defendant is estopped in equity from making any other different use of said Lot Three, Block Eight, than use as a public park as aforesaid.

The prayer is that on final hearing decree be entered against said defendants and both of them, finding and decreeing that title in and to said Lot Three, Block Eight of the Town of Lake Hamilton, Polk County, Florida, is vested in Osie Stillwell, her heirs and assigns, subject to

a perpetual trust in favor of these complainants and requiring the use of said lot exclusively as a public park under the allegations of this bill; that the defendants, their heirs or assigns be perpetually restrained and enjoined from disposing of said Lot Three, Block Eight, by sale or otherwise, or from using the same in any way other than in conformity with their representations and agreements as set forth in this bill of complaint and that such other and further relief be granted to your orators in the premises as the nature of the case may require.

The memorandum referred to is as follows: "This memorandum referred to is as follows: "This memorandum made in duplicate this 5th of March, 1921, is to assure Leila S. Kent (who has purchased Lot 2, Block 8 in the Town of Lake Hamilton), that I will and hereby do agree to leave a will setting aside Lot 3 in said Block 8 according to the map on record at Bartow, Florida, in Book 5, page 8.

To be used as a public park and burial place for myself and husband, said lot to be cared for as set forth in my will by my husband until his death at which time it shall go to the public.

OSIE VIRGINIA STILWELL.

I hereby agree to carry out to the best of my ability such instructions as may be set forth in the above mentioned will and also agree with my wife, Osie Virginia Stilwell, that upon the death of both of us Lot 3 in Block 8 in the Town of Lake Hamilton shall go to the public to be used as a park as set forth in her will.

W. L. STILWELL."

A demurrer was filed by the defendants on the ground that "there is no equity in the bill of complaint, and complainant has not stated facts sufficient to entitle her to

the relief prayed for, or to any relief whatever.'' An appeal was taken from an order overruling the demurrer.

It appears that W. L. Stillwell was the owner of Lot 2, and that Osie Stillwell was the owner of Lot 3.

The complainants seek to have a perpetual trust impressed upon defendant, Osie Stillwell's Lot 3, in favor of complainants by requiring the lot to be used exclusively as a public park so as never to obstruct the view of a lake from complainants' Lot 2. There is no allegation of a dedication of Lot 2 as a public park, so the question is merely one of private rights in the premises. The complainants predicate their claim for a perpetual trust in the defendant, Osie Stillwell's Lot 3, on an alleged agreement by defendants to leave a will setting aside Lot 3 to be used as a public park, such alleged agreement being an inducement to complainants to buy Lot 2 from defendant, W. L. Stillwell, for a home for complainants.

It is not alleged that the deed conveying Lot 2 to complainants made any reference to Lot 3 or that the chain of title shows Lot 3 to be a park or the use of it to be restricted.

The consideration for the conveyance of Lot 2 apparently passed to the owner of the lot, W. L. Stillwell, and not to Osie Stillwell the owner of Lot 3. If these be a sufficient consideration for the alleged agreement to make a will setting aside Lot 3 as a public park, it is personal in its nature having reference to the occupancy of Lot 2 *by complainants as a home*. Complainants can at any time cease to occupy Lot 2 as a home; and it is not alleged that a sale of Lot 3 by defendants will certainly result in the use of the lot for other than park purposes or for purposes that would depreciate the value of Lot 2 as the home of complainants.

The allegations do not state an equity for decreasing a constructive trust in Lot 3 for the purposes as prayed or for a decree otherwise curtailing the defendant's right of alienation, there being apparently an adequate remedy at law to redress any substantial damage accruing to the complainants by reason of a breach of the alleged agreement by the defendants, if it is binding on them.

This case is essentially unlike Whitney v. Hay, 181 U. S. 77, Sept. Ct. Rep. and other similar cases cited for the appellants.

Reversed.

TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.